UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UMB BANK, N.A.**, as Trustee,<br>   **Petitioner and Plaintiff**<br><br>v.<br><br>**CITY OF CENTRAL FALLS; JAMES A. DIOSSA, MAYOR OF THE CITY OF CENTRAL FALLS; MARIA RIVERA, CITY COUNCILOR; JONATHAN ACOSTA, CITY COUNCILOR; HUGO FIGUEROA, CITY COUNCILOR; FRANKLIN SOLANO, CITY COUNCILOR; JESSICA VEGA, CITY COUNCILOR; CENTRAL FALLS DETENTION FACILITY CORPORATION, WILDER ARBODELDA, CORPORATION DIRECTOR; GARY BERDUGO, CORPORATION DIRECTOR; JOSEPH MOLINA FLYNN, CORPORATION DIRECTOR; and HERMAN YIP, CORPORATION DIRECTOR.**<br>   **Respondent and Defendants** | C.A. No. 1:19-cv-00182<br><br>**APPOINTMENT OF RECEIVER AND TEMPORARY RESTRAINING ORDER REQUESTED** |

## MOTION FOR ORDER APPOINTING RECEIVER

  UMB Bank, N.A. (the "Trustee"), as successor indenture trustee for the Bonds (defined below), hereby moves this Court pursuant to Rule 66 of the Federal Rules of Civil Procedure to appoint [ ] as receiver of the Central Falls Detention Wyatt Corporation (the "Corporation"), and to perform the duties set forth in the attached proposed order (the "Motion"). In support of this Motion, the Trustee incorporates by reference its Verified Petition for Receiver and Complaint filed contemporaneously herewith (the "Verified Petition") and respectfully states the following:

  1.  On June 30, 2005, the Corporation issued its $106,380,000 Central Falls Detention Facility Refunding Bonds (The Donald W. Wyatt Detention Facility) Series 2005A (the "Bonds"), as permitted under Title 45, Chapter 54 of the Rhode Island General Laws. The Bonds were issued pursuant to an Indenture of Trust dated June 30, 2005 by and between US Bank, NA (as predecessor Trustee) and the Corporation (the "Indenture"; together with the Indenture and all other documents

1

evidencing or securing the Bonds may be referred to hereafter as the "Bond Documents"). The outstanding principal amount of the Bonds as of the date hereof is $97,300,000 and the accrued interest on the Bonds as of March 31, 2019 is $34,002,984.62. The obligations evidenced by the Bond Documents are be referred to herein as the "Bond Obligations" and any and all collateral securing the Bond Obligations is referred to as the "Collateral".

2. On April 9, 2019, the Trustee filed its Verified Petition against the Corporation, the City of Central Falls (the "City"), Mayor James A. Diossa (the "Mayor"), City Councilors Jonathan Acosta, Hugo Figueroa, Franklin Solano, Jessica Vega (collectively, the "City Council"), and the Board of Directors for the Corporation, Wilder Arborelda, Gary Berdugo, Joseph Molina Flynn, and Herman Yip (collectively, the "Board of Directors"), for violations of statutory law, common law, contract, and for declaratory relief.

3. The Verified Petition requests, *inter alia*, the appointment of a receiver to oversee the governance of the Corporation, including the Donald W. Wyatt Detention (the "Wyatt"). In support of this Motion, the Trustee relies upon the facts and circumstances detailed in the Verified Petition, which are incorporated by reference herein.

4. As set forth in the Verified Petition, defaults and Events of Defaults have occurred under the Bond Documents.

5. The Indenture provides that upon an Event of Default, the Trustee can, *inter alia*, enforce any remedy provided by the Mortgage. Indenture, § 11.2(a)(v).

6. Pursuant to that certain Open-End Mortgage, Deed, Leasehold Mortgage and Security Agreement, dated as of June 30, 2005 (the "Mortgage"), the Trustee has a right to appoint a receiver over its Collateral, and the Corporation has consented to such appointment. Specifically, the Mortgage provides that the Trustee "shall be entitled to the appointment of a receiver . . . [and the Corporation has] consented to the appointment of such receiver." Mortgage, § 7.2(c).

7. Courts have consistently relied upon contractual receivership clauses, such as the provisions in the Mortgage, to permit the appointment of a receiver. *See Gardon Homes, Inc. v. United States,* 207 F.2d 459, 459-60 (1st Cir. 1953) (upon prima facie evidence of default, court was

empowered to appoint a receiver in accordance with the express terms of the mortgage); *Fed. Nat'l Mortgage Ass'n v. Maple Creek Gardens, LLC*, No. 09-14703, 2010 WL 374033, at *2-3 (E.D. Mich. Jan. 25, 2010) (slip op.) (finding that defendant's agreement in mortgage to the appointment of a receiver to take and maintain full control of mortgage property upon defendant's default "alone is sufficient to conclude that [plaintiff] is entitled to such appointment"); *United States v. Mountain Vill. Co.*, 424 F. Supp. 822, 825 (D. Mass. 1976) (holding that "the plaintiff is entitled to the appointment of a receiver in accordance with the terms of the mortgage agreement"). Thus, under the express terms of the Bond Documents, the Trustee is entitled to appoint a receiver to take possession of the Corporation's assets.

8. In addition to the express contractual right to a receiver, equitable considerations also justify appointment. "Courts contemplating the appointment of a receiver have considered a number of factors but have found the adequacy of the security and the financial position of the mortgagor to be most important." *Fannie Mae v. Maple Creek Gardens, LLC*, No. 09-14703, 2010 U.S. Dist. LEXIS 5342, at *3 (E.D. Mich. Jan. 25, 2010) (citing cases); *see also Garden Homes v. United States*, 200 F.2d 299, 301 (1st Cir. 1952) (receiver justified "upon a sufficient showing of two matters: (1) that the mortgaged property is inadequate security for the debt with interest and costs of suit, and (2) that the mortgagor or other person liable for the debt is insolvent, beyond the jurisdiction or in such doubtful financial standing that an execution against him for any deficiency would be unavailing.") (internal quotations omitted).

9. In this case, the value of the Collateral will likely be insufficient to satisfy the Bond Obligations. Further, the Collateral's value will decline if a receiver is not appointed. Indeed, as detailed in the Verified Petition, the Corporation's Board of Directors' vote for the ICE Suspension (as defined in the Verified Petition) is irreparably harming the Corporation's financial viability and the value of the Trustee's Collateral.

10. Accordingly, equitable considerations justify the appointment of a receiver to protect and preserve the Trustee's rights and interests as a mortgagee and first priority secured creditor with a lien on the Collateral. A receiver is necessary to ensure that the Collateral is preserved, protected,

and operated effectively during the pendency of these proceedings and to secure ample justice for the Trustee.

11. The Trustee requests that such receiver be given all powers necessary and usual in this case for the protection, possession, control, management, and operation of the Corporation during the pendency of this action.

[the balance of this page is intentionally left blank]

Respectfully submitted,

UMB BANK, N.A.,
AS INDENTURE TRUSTEE,

By its counsel,

| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. | DUFFY & SWEENEY, LTD |
|---|---|
| /s/ Adrienne K. Walker<br>William W. Kannel (pro hac vice pending)<br>Adrienne K. Walker (pro hac vice pending)<br>One Financial Center<br>Boston, Massachusetts 02111<br>Telephone: (617) 542-6000<br>E-mail: wkannel@mintz.com<br>akwalker@mintz.com | /s/ Robert M. Duffy<br>Robert M. Duffy (RI Bar # 4428)<br>1800 Financial Plaza<br>Providence, Rhode Island 02903<br>Telephone: (401) 455-0700<br>E-mail: rduffy@duffysweeney.com |