```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UMB BANK, N.A., as Trustee,         )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    C.A. No. 19-182 WES
                                    )
CITY OF CENTRAL FALLS; JAMES A. DIOSSA, )
MAYOR OF THE CITY OF CENTRAL FALLS; )
MARIA RIVERA, CITY COUNCILOR; JONATHAN )
ACOSTA, CITY COUNCILOR; HUGO FIGUEROA, )
CITY COUNCILOR; FRANKLIN SOLANO, CITY )
COUNCILOR; JESSICA VEGA, CITY COUNCILOR,)
CENTRAL FALLS DETENTION FACILITY    )
CORPORATION; WILDER ARBOLEDA,       )
CORPORATION DIRECTOR; GARY BERDUGO, )
CORPORATION DIRECTOR; JOSEPH MOLINA )
FLYNN, CORPORATION DIRECTOR; and    )
HERMAN YIP, CORPORATION DIRECTOR,   )
                                    )
          Defendants.               )
_____ )
```

**ORDER GRANTING PRELIMINARY INJUNCTION AND APPOINTMENT OF BOARD MONITOR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65**

On April 10, 2019, UMB Bank, N.A., (the "Trustee"), as indenture trustee, filed its Verified Petition for Appointment of Receiver and Complaint (the "Verified Petition"[1]) against the Central Falls Detention Facility Corporation (the "Corporation"), the City of Central Falls (the "City"), Mayor James A. Diossa (the "Mayor"), City Councilors Maria Rivera, Jonathan Acosta, Hugo Figueroa, Franklin Solano, and Jessica Vega (collectively, the "City Council"), and the Board of Directors for the Corporation,

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meaning ascribed to such term in the Verified Petition.

Wilder Arboleda, Gary Berdugo, Joseph Molina Flynn, and Herman Yip (collectively, the "Board of Directors"), for violations of statutory law, common law, and contract, and for declaratory relief, along with its Motion to Appoint a Receiver and for Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65 (the "Motion").

Upon due consideration of the Verified Petition, the Motion, and the terms set forth herein, it appearing that sufficient notice has been given to all necessary parties, that this Court has jurisdiction with respect to the matters set forth in the Verified Petition, the Motion, and this Order (the "Order"), and that this is a proper case for entry of a preliminary injunction and related relief, the Court finds that the Trustee's showing is sufficient, and considering the interests of both the Trustee and the Corporation, the entry of a preliminary injunction is necessary and appropriate as set forth herein, and is consistent with the terms set forth in this Court's Order Appointing Special Master, entered today.

IT IS ORDERED THAT:

1. The Trustee's request for entry of a preliminary injunction is GRANTED as provided herein.
2. This litigation between and among the parties hereto is stayed until July 24, 2019, (the "Termination Date"). The Court shall review the status of the litigation at its status conference on July 11, 2019, at 10:00 AM.
3. The Board of Directors of the Corporation is directed on or before April 29, 2019, to:

2

A. Rescind: (i) the April 5, 2019, vote of the Board of Directors, requiring: (a) suspending the January 9, 2019, Modification of Intergovernmental Agreement (the "ICE Addendum"), (b) the Warden to arrange for the ICE detainees to be removed from the Wyatt prior to April 12, 2019, and (c) the Warden and Corporation's legal counsel to draft rules and regulations in accordance with RI Gen. Laws § 54-45-6; and (ii) the April 14, 2019, vote of the Board of Directors staying for 30 days the aforesaid April 5, 2019, vote suspending the ICE Addendum;

B. Ratify the ICE Addendum in accordance with its terms and conditions set forth therein; and

C. Direct the Warden to provide immediate notice to ICE that the Corporation has rescinded its suspension of the ICE Addendum.

It is the intent of the Parties that the Warden will continue to manage the day-to-day operations of the Corporation and perform the Corporation's contractual obligations under the USMS Contract, the ICE Addendum, and all other contracts relating to the detention of persons at the Wyatt in accordance with contractual terms and under applicable law.

4. The Board of Directors of the Corporation is directed to, on or before May 14, 2019, take action to unseal such portions of the April 24, 2019, Board meeting minutes that reflect the votes and actions set forth in Paragraph 3(A), (B), and (C) above.

5. Effective as of April 24, 2019, and continuing through and including the Termination Date, the Court appoints Mr. Peter Argeropulos to act as Board Monitor, subject to the timely filing of any objection by a party to this litigation challenging Mr. Argeropulos's qualifications on or before April 29, 2019.  The Board of Directors shall advise of and contemporaneously provide the Board Monitor with copies of all material communications to/from the Board of Directors to the extent they may impact the assets of the Corporation, the security of the Bonds, and/or the revenue stream of the Corporation with any necessary redactions to the extent such communications are subject to the attorney-client privilege (collectively "Impacting Activities").  Until the occurrence of the Termination Date, the Board Monitor is authorized to:

   A. Participate in the Board of Directors' activities, including Board activities in executive session (but excluding any attorney-client privileged communications), and to take whatever actions are necessary in furtherance of the scope of his assignment;

   B. Communicate directly with the Warden for the Corporation and other Corporation employees and/or agents as may be necessary including the Corporation's legal counsel, the Trustee, and counsel to the Trustee;

C.  Should the Board Monitor believe that any proposed Board of Director activity or vote may be an Impacting Activity he shall, as soon as practicable, provide notice of such Impacting Activity to the Special Master, Board of Directors, the Corporation, and counsel to the Trustee, and such Board activity shall be automatically stayed pending a resolution process set forth in Paragraph 4(D) below; <u>provided</u>, <u>however</u>, that should the Warden determine in his sole and absolute discretion that such Impacting Activity would negatively impact the immediate life, safety, or security at the Wyatt, that the Warden shall be authorized to take actions he deems necessary to protect such interests, and thereafter he shall report such actions to the Special Master, Board of Directors, Board Monitor, and Trustee for further review in accordance with Paragraph 4(D) below;

D.  Engage in discussions and negotiations with the Special Master, Trustee, Corporation, and the Board of Directors concerning the alleged Impacting Activities (each, a "Dispute" and, collectively, "Disputes").  To the extent a Dispute is not resolved to the satisfaction of the Board Monitor, Special Master, Trustee, Corporation, or Board of Directors, any such party may seek relief from this Court, including on an expedited basis;

E.  Have standing and be available to the Court upon request of the Court, the Special Master, and/or any Party to present the Board Monitor's position and recommendation concerning any Dispute presented to the Special Master and/or the Court; and

F.  To take all other actions consistent with the powers and rights listed above; <u>provided</u>, <u>however</u>, that nothing set forth herein shall be deemed to modify R.I. Gen. Laws § 42-46-1 et seq.

The Board Monitor shall earn and be paid $5,000 monthly in arrears, plus reasonable out-of-pocket costs by the Corporation from its operating revenues, until the Termination Date. The Board Monitor shall be relieved of filing any notice or petition to this Court for payment of his fees as set forth herein.

6.  The Corporation, along with its Board of Directors, agents, employees, officials, officers, and successors, shall fully cooperate with the Board Monitor in all matters related to this Order.

7.  The Mayor, through its City Solicitor, shall provide counsel for the Trustee notice of any nominee to serve as a Director for the Corporation no later than five (5) business days prior to a City Council meeting to consider such nomination.

8.  Except as expressly provided in this Order, the Board of Directors shall continue to manage the Corporation pursuant to R.I. Gen. Laws § 45-54-1 et seq. and the by-laws of the Corporation.

9.  Except as expressly provided in this Order, nothing herein shall affect any of the rights and remedies under the Bond Documents or the defenses and counterclaims thereto.

10. Except as expressly provided in this Order, all parties hereto retain all of their available rights, remedies, and claims raised in this matter or the defenses and counterclaims thereto.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: April 26, 2019