```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
UMB BANK, N.A., as Trustee,        )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    C.A. No. 19-182 WES
                                   )
CITY OF CENTRAL FALLS; JAMES A. DIOSSA, )
MAYOR OF THE CITY OF CENTRAL FALLS;)
MARIA RIVERA, CITY COUNCILOR; JONATHAN )
ACOSTA, CITY COUNCILOR; HUGO FIGUEROA,  )
CITY COUNCILOR; FRANKLIN SOLANO, CITY   )
COUNCILOR; JESSICA VEGA, CITY COUNCILOR,)
CENTRAL FALLS DETENTION FACILITY   )
CORPORATION; WILDER ARBOLEDA,      )
CORPORATION DIRECTOR; GARY BERDUGO,)
CORPORATION DIRECTOR; JOSEPH MOLINA)
FLYNN, CORPORATION DIRECTOR; and   )
HERMAN YIP, CORPORATION DIRECTOR,  )
                                   )
        Defendants.                )
_____)
```

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, UMB Bank, N.A., (the "Trustee"), as indenture trustee, the Central Falls Detention Facility Corporation (the "Corporation"), the City of Central Falls (the "City"), Mayor James A. Diossa (the "Mayor"), City Councilors Maria Rivera, Jonathan Acosta, Hugo Figueroa, Franklin Solano, and Jessica Vega (collectively, the "City Council"), and the Board of Directors for the Corporation, Wilder Arboleda, Gary Berdugo, Joseph Molina Flynn, and Herman Yip (collectively, the "Board of Directors"), (collectively, the "Parties"), have consented to the appointment of a Special Master to effectively and promptly respond to disputes

brought to the attention of the Special Master (each, a "Dispute" and, collectively, the "Disputes"), arising out of any activity or vote of the Board of Directors that may impair and/or negatively impact the assets of the Corporation, the security of the Bonds and/or the revenue stream of the Corporation (each, an "Impacting Activity"),

IT IS ORDERED THAT:

**I. Appointment and No Grounds for Disqualification**

1. **Deming Sherman** is hereby appointed to serve as Special Master in this matter pursuant to Fed. R. Civ. P. 53(a).

2. The Special Master's appointment will become effective upon his filing an affidavit disclosing that there is no ground for disqualification under 28 U.S.C. § 455 pursuant to Fed. R. Civ. P. 53(a)(2) and (b)(3) and shall continue until July 24, 2019, (the "Termination Date"). If there are no grounds for disqualification or if all grounds for disqualification have been waived pursuant to Fed. R. Civ. P. 53(a)(2), the Special Master is directed to proceed with all reasonable diligence to complete the duties assigned by this Order.

3. During the course of this matter, the Special Master and the Parties shall notify this Court immediately

if they become aware of any potential grounds that would require disqualification.

**II. Accountability to the Court**

4. The Special Master will be accountable only to the Court and will not be supervised by Plaintiff or Defendants. The Special Master will be independent from Plaintiff and Defendants. In the course of his work, the Special Master may consult with the Trustee, counsel to the Trustee, Defendants or any of them, their agents, counsel, or employees, Mr. Peter Argeropulos (the Board Monitor appointed in a companion order of same date), and any other person the Special Master deems necessary to perform the scope of his duties.

**III. Limited Scope and Duties of Special Master**

5. The purpose of the Special Master is limited. Until the Termination Date, the Trustee, the Board Monitor, the Corporation and/or the Board of Directors may each request the Special Master's assistance with regard to any Dispute.

6. To the extent the Board Monitor, Board of Directors, Corporation or Trustee seeks assistance from the Special Master to address any Dispute, the Special Master is authorized by this Court without need for

3

further order to (a) mediate any Dispute between such parties relating to Impacting Activities, (b) report to this Court an impasse between such parties regarding any Dispute, and (c) have independent standing to make a report and recommendation to this Court with respect to Disputes. Privileged information presented to the Special Master (including in mediation of Disputes) shall remain privileged and confidential, and shall be disclosed to the Court only upon consent of counsel.

7. During the pendency of the Special Master's review, which includes the time of any Court intervention, any proposed Impacting Activity shall be stayed and not implemented by the Board of Directors and/or Corporation; provided, however, that should the Warden determine in his sole and absolute discretion that such Impacting Activity would negatively impact the immediate life safety or security at the Wyatt or its training facility located at 935 High Street in Central Falls, Rhode Island, that the Warden shall be authorized to take actions he deems necessary to protect such interests and thereafter he shall report such actions to the Special Master, Board of Directors, Board Monitor, and Trustee for further

review and, if necessary, Court review.

8. The Special Master shall prepare and file a status report within 60 days following notice of a Dispute, or bi-annually thereafter until discharged.

**IV. Authority and Term**

A. <u>Authority</u>

9. Pursuant to Fed. R. Civ. P. 53(c), the Special Master may:

   i. Request documents be produced from a Party to the extent the Special Master deems it necessary to perform the scope of his duties. The Parties reserve the right to object to the production of documents and/or electronically stored information ("ESI") on privilege or other grounds articulated under Fed. R. Civ. P. 26 and 34. Objections shall be considered by the Special Master and ruled upon. Any order on discovery shall be appealable to the District Court Judge in accord with Fed. R. Civ. P. 53(f)(2). Any documents produced shall be produced only to the Special Master.

   ii. Communicate <u>ex parte</u> with the Court or any Party at any time pursuant to Fed. R. Civ. P. 53(b)(2)(B). Generally, the Special Master

shall not communicate ex parte with any Party without first providing notice to the other Parties.

iii. Any Party wishing to respond to or object to any Special Master report, statement and/or recommendation must file such response or objection with the Court within 14 days from the day the Special Master files the report, statement and/or recommendation via ECF. Any opposition shall be filed within 7 days after the objection on the motion is filed.

iv. Pursuant to Fed. R. Civ. P. 53(f)(1), in acting on a report or recommendation of the Special Master, the Court shall afford the Parties an opportunity to present their positions and may adopt or affirm; modify; wholly or partly reject; resubmit to the Special Master with instructions; or make any order it deems appropriate. The standards of review contained in Fed. R. Civ. P. 53(f)(3)-(5) shall apply.

v. To the extent the Special Master determines that he requires the services of clerical staff, consultants, and experts to assist him in his work, the Special Master shall inform the Parties

of the following:

(1) The identity of the person who will provide such services;

(2) The nature of the services; and

(3) The anticipated costs.

    (a) Any Party shall have 10 business days to object to the retention of any such services. If neither side objects, the Special Master may retain the services in question.

    (b) If a Party objects and the objection cannot be resolved by the Special Master, the objecting Party may present its objection to the Court no later than 10 days after the Special Master has made a final decision on the retention of services.

B. Term

10. The Special Master's Term of service will end at the earlier of (a) the Termination Date or (b) when the Court terminates the appointment.

**V. Compensation**

11. The costs of the Special Master shall be borne by the Corporation and paid from the operating

revenues of the Corporation. The Special Master shall maintain a record of his time serving as Special Master that generally identifies the date of service and a brief narrative description of the services performed.

12. The Special Master shall be compensated at the rate of $300/hour and shall not be permitted to charge for travel time.

13. In addition to an initial assessment of the issues relating to the above-captioned litigation, to the extent the Special Master receives notice of a Dispute and is engaged to address such Dipuste, then the Special Master shall provide monthly invoices to the Corporation (c/o the Warden), with copies to the Board of Directors, Trustee, and Board Monitor. The invoices shall be paid in full unless there is an objection.

**VI.  Amendments**

14. Pursuant to Fed. R. Civ. P. 53(b)(4), this Order may be amended at any time after notice to the Parties and an opportunity to be heard.

**VII. Rights**

15. Nothing in this Order shall be construed as abrogating any of the Parties' appellate rights.


William E. Smith
Chief Judge
Date: April 26, 2019