UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UMB BANK, N.A., as Trustee,** : <br>     **Petitioner and Plaintiff** : <br> : <br> **v.** : <br> : <br> **CITY OF CENTRAL FALLS; JAMES A. DIOSSA,** : <br> **MAYOR OF THE CITY OF CENTRAL FALLS;** : <br> **MARIA RIVERA, CITY COUNCILOR;** : <br> **JONATHAN ACOSTA, CITY COUNCILOR;** : <br> **HUGO FIGUEROA, CITY COUNCILOR;** : <br> **FRANKLIN SOLANO, CITY COUNCILOR** : <br> **JESSICA VEGA, CITY COUNCILOR; CENTRAL** : <br> **FALLS DETENTION FACILITY CORPORATION;** : <br> **WILDER ARBODELDA, CORPORATION** : <br> **DIRECTOR; GARY BERDUGO, CORPORATION** : <br> **DIRECTOR; JOSEPH MOLINA FLYNN,** : <br> **CORPORATION DIRECTOR; and HERMAN YIP,** : <br> **CORPORATION DIRECTOR.** : <br>     **Respondent and Defendants** : <br> : | **1:19-cv-00182-WES-PAS** |

**AVCORR MANAGEMENT LLC'S MOTION TO INTERVENE**
*(Memorandum of Law Incorporated Herein)*

AVCORR Management LLC ("AVCORR") hereby moves this Court to allow it to intervene in the instant matter, pursuant to Federal Rule of Civil Procedure 24(a) and (b). In sum, AVCORR claims an interest in the instant matter as it possesses a claim (a judgment) that is substantially intertwined with the action brought by the Petitioner, UMB Bank, N.A., as Trustee (the "Trustee"). *See* Fed. R. Civ. P. 24(a); Fed R. Civ. P. 24(b).

Specifically, on or about July 1, 2020, AVCORR obtained a Stipulated Judgment against Respondent, Central Falls Detention Facility Corporation ("CFDFC") in the original amount of $1,200,000.00 (the "Judgment Amount"), with post-judgment interest accruing at the rate of six

percent (6%) per annum, the entirety of which remains unsatisfied.[1] *See* **Exhibit A** – Order dated July 1, 2020; **Exhibit B** – Stipulated Judgment dated July 1, 2020.  In turn, AVCORR should be allowed to intervene in the instant matter to ensure that the Court may address its outstanding claim against CFDFC in line with the Trustee's claims.

## FACTUAL BACKGROUND

On or about October 24, 2012, AVCORR brought a complaint against CFDFC for breach of contract, breach of fiduciary duty, quantum meruit, and breach of the implied covenant of good faith and fair dealing.  After almost eight (8) years of litigation, on or about July 1, 2020, the parties stipulated to a judgment in the amount of One Million Two Hundred Thousand and 00/100 Dollars ($1,200,000.00) to be paid to AVCORR by CFDFC.  *See* **Exhibits A** and **B.**  The parties also agreed in the stipulated judgment that post-judgment interest would accrue at six percent (6%) per annum. *See id.* However, even though the parties stipulated to this judgment, to date the judgment remains completely unsatisfied.

On or about April 10, 2019, the Trustee filed the instant action for the appointment of a receiver to protect the value of CFDFC's collateral among other things. *See* Verified Petition for the Appointment of a Receiver and Complaint at ¶ 152. Thereafter, on or about April 26, 2019, this Court appointed Deming Sherman as the Special Master pursuant to Federal Rule of Civil Procedure 53(a)(2).

However, AVCORR was not made aware of the instant action until very recently. At present, this matter is pending a Motion to Continue Stay and Appointment of Special Master. *See* Docket Sheet. As AVCORR is a judgment creditor of CFDFC, it now seeks to intervene in the instant action to protect its claim and interests.

---

[1] To date, post-judgment interest has accrued to the sum of $160,569.86. In turn, the total outstanding amount that remains wholly unsatisfied is $1,360,569.86.

## STANDARD OF LAW

Under the Federal Rules of Civil Procedure, the Court is required to allow anyone to intervene upon timely motion if they are "given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The court is also required to also allow intervention if the party claims an interest in the property or transaction at issue "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id*. 24(a)(2).

Alternatively, the court may permit intervention in its discretion in two instances: (1) if a party has a conditional right to intervene through a federal statute; and (2) if a party "has a claim or defense that shares with the main action a common question of law or fact." *Id*. 24(b)(1)(A), (B). In these instances, the court must weigh whether the intervention will cause undue delay or "prejudice the adjudication of the original parties' rights." *Id*. 24(b)(3).

## ARGUMENT

1. **AVCORR is Entitled to Intervene as a Matter of Right**

    a. *AVCORR's Application is Timely*

AVCORR's motion to intervene is timely, as it only recently learned of the instant litigation, which very well could affect its status as a judgment creditor of CFDFC. "A motion to intervene is timely if it is filed promptly after a person obtains actual or constructive notice that a pending case threatens to jeopardize his rights." *R & G Mortgage Corp. v. Fed. Home Loan Mortgage Corp.*, 584 F.3d 1, 8 (1st Cir. 2009) (citation omitted).

The First Circuit "has given additional substance to this requirement, holding that four factors determine timeliness: (1) the length of time the prospective intervenor knew or reasonably should have known of its interest before it petitioned to intervene, (2) the prejudice to

3

existing parties due to the failure to petition for intervention promptly, (3) the prejudice the prospective intervenor would suffer if not allowed to intervene, and (4) the existence of any unusual circumstances militating either for or against intervention." *United Nuclear Corp. v. Cannon*, 696 F.2d 141, 143 (1st Cir. 1982) (citing *Culbreath v. Dukakis,* 630 F.2d 15, 20–25 (1st Cir.1980)).

Here, AVCORR only learned of the existence of the pending litigation on August 12, 2022, when the litigation was listed as part of the agenda for an open meeting of the CFDFC. Following that discovery, AVCORR reviewed the voluminous pleadings in this matter in order to determine whether intervention was necessary and appropriate. After completing that review, AVCORR determined that intervention is necessary, and in turn, now seeks to intervene in the instant action.

Further, AVCORR's intervention would not cause any prejudice to the existing parties of this litigation. However, there would be extreme prejudice if AVCORR is not allowed to intervene, as AVCORR may lose its ability to pursue and collect on its judgment, which remains unsatisfied. Further, despite the fact that CFDFC stipulated to a settlement with AVCORR in 2020, CFDFC never made AVCORR aware of the instant litigation, which must militate against CFDFC and toward allowing AVCORR to intervene at this stage.

### b. *AVCORR Possesses an Interest that is the Subject of the Pending Action*

AVCORR holds an unsatisfied judgment in excess of One Million Two Hundred Thousand and 00/100 Dollars ($1,200,000.00) against CFDFC. In this action a Special Master has been appointed to oversee the CFDFC and address any disputes that may arise by and between the parties.

Further, the purpose of the Trustee's petition for the appointment of a receiver is to preserve the assets of the CFDFC so that those assets can be used to pay the Trustee the monies it is owed. *See* Petition at ¶152.  To this point, the Petition asserts that CFDFC owes more to the Trustee that its collateral is worth. *See id.* at ¶160.

As a judgment creditor AVCORR holds an interest that is the subject of the Pending Action – namely its One Million Two Hundred Thousand and 00/100 Dollars ($1,200,000.00) plus interest, costs and/or expenses from the date of the judgment claim.  *See* U.S. Fid. & Guar. Co. vs. E. Contractors, Inc., D. Mass., No. CIV A 06-11088-RWZ (Jan. 15, 2008) (stating that an intervenor had "sufficiently claimed an interest relating to the properties attached by USF & G by way of its own attachment and its position as a judgment creditor of Eastern, and this meets the first prong of the rule"). In turn, intervention should be allowed so that AVCORR is able to present its claim in the instant action, so that it can be addressed.

    **c.**   ***Disposition of the Pending Action Without AVCORR will Impair or Impede AVCORR's Ability to Protect its Interests as a Practical Matter***

If the instant matter were to be disposed of without AVCORR, it would likely impair or impede AVCORR's ability to collect on its judgment.  As outlined in the Petition for the Appointment of a Receiver, the Trustee is seeking to utilize the collateral (blanket security interest) of the CFDFC to satisfy the indebtedness that CFDFC owes to the Trustee. Thus, if the Trustee is successful, much if not all of CFDFC's assets will be used to satisfy only the Trustee's indebtedness. This result will be extremely prejudicial to AVCORR, as this does not consider or take into account the judgment that AVCORR has against CFDFC.  If intervention is not allowed, AVCORR will likely be impeded from ever collecting on its judgment.

### d. *AVCORR's Interests Cannot be Adequately Represented by the Existing Parties*

"[A]n applicant for intervention need only make a minimal showing that the representation afforded by existing parties likely will prove inadequate. *See Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal").

As noted above, the Trustee is seeking to utilize its blanket security interest to satisfy its secured claim. Whereas AVCORR seeks to intervene to protect its interest as a judgment creditor. As none of the existing parties adequately represent AVCORR's interest, intervention should be allowed.

### 2. <u>In the alternative, AVCORR Should be Permitted to Intervene Permissively</u>

In addition or in the alternative, this Court should allow AVCORR to intervene permissively. Pursuant to Federal Rule of Civil Procedure 24(b)(1)(A) and (B) the Court may permit intervention in its discretion in two instances: (1) if a party has a conditional right to intervene through a federal statute; and (2) if a party "has a claim or defense that shares with the main action a common question of law or fact." *Id*. 24(b)(1)(A), (B). In these instances, the court must weigh whether the intervention will cause undue delay or "prejudice the adjudication of the original parties' rights." *Id*. 24(b)(3).

Here, AVCORR shares a claim with the main action a common question of law or fact, *i.e.* the failure of CFDFC to pay its debts when due, and the priority in which CFDFC's debts are to be paid. The Trustee asserts that all of CFDFC's collateral should be preserved to satisfy CFDFC's debt to the Trustee. However, the Trustee does not address the judgment that AVCORR holds against CFDFC and how the same should be satisfied. Therefore, it is clear that AVCORR's claim

has a common question of law and/or fact with the Trustee's claim, such that it should be allowed to intervene.

Further, AVCORR's intervention would not cause any undue delay, nor would it "prejudice the adjudication of the original parties' rights." *See Fed. R. Civ. P.* 24(b)(3). The situation presented here is in fact, similar to the one that this Court addressed in *Narragansett Electric Co. v. Constellation Energy Commodities Group, Inc.*, 526 F.Supp. 2d 260, 275 (D.R.I. 2007. In that case, the State of Rhode Island made a motion to intervene in two Counts of Narragansett Electric Co.'s ("NEC") Complaint, either as a matter of right or by permission. *See Narragansett Electric Co* 526 F.Supp. 2d at 275 (D.R.I. 2007).

The Court addressed the State's motion to intervene by permission and agreed that the State's claims were "substantially intertwined with questions of law and fact common to the claims made by NEC . . . ." *Id*. Applying the undue delay/prejudice test of Rule 24(b)(3), the Court stated, "[t]he State is not seeking to inject any new issues into this already labyrinthine dispute. Rather, it appears possible and perhaps even likely that the State's entry into this action may actually hasten the resolution of the issues before the Court." *Id*.

Likewise here, addressing AVCORR's claim in the instant matter would not inject any new issues into this matter. Instead this would allow both the Trustee's claim and AVCORR's claim to be addressed in this matter, which likely will have the practical effect of hastening the resolution of both issues. Therefore, AVCORR requests that this Court allow it to intervene in the instant matter.

## **CONCLUSION**

For the reasons stated above, AVCORR respectfully requests that this Court grant its Motion to Intervene.

        Respectfully submitted,
        AVCORR Management, LLC
        By its Attorneys,


        /s/ Bruce W. Gladstone
        Bruce W. Gladstone (#2643)
        Matthew J. Pimentel (#9049)
        Cameron & Mittleman LLP
        301 Promenade Street
        Providence, Rhode Island 02908
        Tel.: (401) 331-5700
        Fax: (401) 331-5787
        bgladstone@cm-law.com
        mpimentel@cm-law.com

Dated: September 29, 2022

## CERTIFICATE OF SERVICE

    I hereby certify that on the 29th day of September, 2022, I filed and served this document through the electronic filing system on all parties registered to receive notice in the instant matter. The document electronically filed and served is available for viewing and/or downloading on CM/ECF.


        /s/ Bruce W. Gladstone
        Bruce W. Gladstone, Esq.